**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4599**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER ARTEZ PHANELSON, a/k/a X,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Senior District Judge.  (7:22-cr-00028-MFU-1)

Submitted:  September 18, 2025                           Decided:  September 22, 2025

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, PC, Abingdon, Virginia, for Appellant.  Jonathan Patrick Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Artez Phanelson pled guilty, pursuant to a written plea agreement, to knowingly and intentionally distributing five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  The district court imposed a downward-variant sentence of 70 months' imprisonment, to be followed by four years of supervised release.  Phanelson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal.  Although informed of his right to file a pro se supplemental brief, Phanelson has not done so.  The Government has moved to dismiss the appeal based on the appeal waiver in Phanelson's plea agreement, in which he waived his right to appeal his sentence on any ground.  We affirm in part and dismiss in part.

Phanelson's waiver of appellate rights does not prevent our review of the validity of the plea itself.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  When, as here, a defendant has not moved in the district court to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error.  *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1).  The district court also must ensure that the plea was voluntary and not the result

of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough and complete Rule 11 hearing. We therefore conclude that Phanelson entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Phanelson's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record confirms that Phanelson knowingly and intelligently waived his right to appeal his sentence. We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss and dismiss the appeal with respect to all issues within the scope of the appellate waiver and affirm the remainder of the judgment. This court requires that counsel inform Phanelson, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Phanelson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Phanelson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*